■ In the Matter of MEYER RUBENSTEIN, Appellant, v. PATRICK MURPHY, as Commissioner of the Police Department of the City of New York, et al., Respondents.— Determination of respondent Police Commissioner dated November 10, 1972, dismissing petitioner from the police service of the City of New York, after a hearing upon charges of misconduct, unanimously modified, on the law and in the exercise of discretion, to the extent of mitigating the punishment from dismissal to a suspension without pay from October 18, 1972 to the date of his retirement, and as so modified, confirmed, without costs and without disbursements. On September 6, 1972, the Medical Board of the Police Department certified that petitioner was physically disabled as a result of a line of duty heart condition disability, and recommended his application for retirement on that basis be approved. On October 4, 1972, petitioner requested in writing that his retirement become effective February 28, 1973, asking for that late date in order to permit the benefit of earned and unused annual and terminal leave. On October 17, 1972, the Board of Trustees of the Police Pension Fund adopted a resolution that petitioner be retired with pension for service-connected disability (Administrative Code of City of New York, § B18–43.0), effective with the date requested. On October 18, 1972, the petitioner was charged with violation of various rules and procedures of the Police Department, and he was suspended pursuant to subdivision b of section 434a–14.0 of the Administrative Code. On October 19, 1972, the petitioner submitted a written request to waive his annual and terminal leave benefits in order to effect retirement on October 17, 1972, contending that section B18–43.0 provides for retirement " forthwith ". See *Matter of Mennella* v. *Board of Estimate of City of N. Y.* (31 A D 2d 459) involving a widow's claim on identical language under the City Retirement System. However, here the deferred date was granted at petitioner's own request, and he tried to waive the benefits thereof only after charges were brought. There is sufficient and substantial evidence to sustain the finding against the petitioner for misconduct. (*Matter of Sowa* v. *Looney*, 23 N Y 2d 329.) On the other hand, petitioner has some 30 years of service leading to a service-connected disability. Under all the circumstances, we conclude that the penalty should be reduced to suspension and loss of pay to the date of retirement. Settle order on notice. Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.